IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JANUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, ) ) ) IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, ) ) ) ) IRON WORKERS' TRI-STATE WELFARE PLAN, and ) ) ) JOSEPH J. BURKE, as Administrative Manager of the IRON WORKERS' MID-AMERICA PENSION PLAN and IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, ) ) ) ) ) ) ) ) Plaintiffs, ) ) vs. ) ) PLANT MECHANICAL GROUP, INC., an Illinois corporation, ) ) ) Defendant. ) | CIVIL ACTION PH NO. JUDGE  08 C 454 JUDGE GETTLEMAN MAGISTRATE JUDGE KEYS |

## COMPLAINT

The Plaintiffs, IRON WORKERS' MID-AMERICA PENSION PLAN, IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, IRON WORKERS' TRI-STATE WELFARE PLAN, and JOSEPH J. BURKE, as Administrative Manager of the IRON WORKERS' MID-,AMERICA PENSION PLAN and IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, by their attorneys,

complaining of the Defendant, PLANT MECHANICAL GROUP, INC., an Illinois corporation, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs, the IRON WORKERS' MID-AMERICA PENSION PLAN, IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, and IRON WORKERS' TRI-STATE WELFARE PLAN are welfare, pension and related joint, labor-management funds and bring this action as "employee pension benefit funds", and "plans", under ERISA and Plaintiff, JOSEPH J. BURKE, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District.

3. Defendant is obligated to make fringe benefit contributions to the Funds, under the terms of certain Agreements and Declarations of Trust, establishing and outlining the administration of these Funds, and, pursuant to the terms of a collective bargaining agreement adopting these Agreements and Declarations of Trust and entered into by Defendant.

4. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically required to do the following:

    (a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked or for which wages were received in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of $50.00 per month per fund per Local Union under which the contributions are obligated to be made for each delinquency or liquidated damages in the amount of 1 - 1 ½% per month on the whole amount of contributions remaining from time to time unpaid, whichever is greater, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

5. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respects:

(a) Defendant has failed and refused to permit Plaintiffs' auditors to review its various payroll records in order to verify the accuracy of its past reporting and to determine what additional contributions, if any, may be due the Plaintiffs;

(b) Defendant has failed and refused to submit all of its reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs.

6. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

7. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

8. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A) That an account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B) That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C) That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(D) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/   Beverly P. Alfon

Catherine M. Chapman  
Beverly P. Alfon  
Patrick N. Ryan  
Attorneys for the Plaintiffs  
BAUM SIGMAN AUERBACH & NEUMAN, LTD.  
200 West Adams Street, Suite 2200  
Chicago, IL  60606-5231  
Bar No.: 6274459  
Telephone:  (312) 236-4316  
Facsimile: (312) 236-0241  
E-Mail: balfon@baumsigman.com

I:\MIDJ\Plant Mechanical\complaint.bpa.df.wpd