IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRON WORKERS' MID-AMERICA PENSION PLAN,

IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND,

IRON WORKERS' TRI-STATE WELFARE PLAN, and

JOSEPH J. BURKE, as Administrative Manager of the IRON WORKERS' MID-AMERICA PENSION PLAN and IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND,

Plaintiffs,

vs.

PLANT MECHANICAL GROUP, INC., an Illinois corporation,

Defendant.

CASE NO. 08 C 454

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, PLANT MECHANICAL GROUP, INC., by its attorneys, Husch Blackwell Sanders LLP, for its Answer to Plaintiff's Complaint, states:

1. This action arises under the laws of the United States and is brought pursuant to the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**Answer:** Defendant admits the allegations of paragraph 1.

2. Plaintiffs, the IRON WORKERS' MID-AMERICA PENSION PLAN, IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, and IRON WORKERS' TRI-STATE WELFARE PLAN are welfare, pension and related joint, labor-management funds and bring this action as "employee pension benefit funds," and "plans," under ERISA and Plaintiff, JOSEPH J. BURKE, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District.

**Answer:** Defendant admits the allegations of paragraph 2.

3. Defendant is obligated to make fringe benefit contributions to the Funds, under the terms of certain Agreements and Declarations of Trust, establishing and outlining the administration of these Funds, and, pursuant to the terms of a collective bargaining agreement adopting these Agreements and Declarations of Trust and entered into by Defendant.

**Answer:** Defendant denies the allegations of paragraph 3.

4. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked or for which wages were received in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of contributions, by way of the payment of liquidated damages in the amount of $50.00 per month per fund per Local Union under which the contributions are obligated to be made for each delinquency or liquidated damages in the amount of 1½% per month on the whole amount of contributions remaining from time to time unpaid, whichever is greater, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorney's fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiff, to cover future contributions due the Plaintiffs.

**Answer:** Defendant denies the allegations of paragraph 4. Nonetheless, Defendant agrees to provide its books and records for an audit for the limited period of time that Defendant now understands Plaintiffs wish to review.

5. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respects:

(a) Defendant has failed and refused to permit Plaintiffs' auditors to review its various payroll records in order to verify the accuracy of its past reporting and to determine what additional contributions, if any, may be due the Plaintiffs;

(b) Defendant has failed and refused to submit all of its reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs.

**Answer:** Defendant denies the allegations of paragraph 5. Defendant understood that Plaintiffs were seeking an audit of Columbus Industries, Inc. Any reference to Defendant in correspondence was confusing because Columbus Industries and Defendant are separate corporations yet Plaintiffs' requests were styled in terms of Columbus Industries being also known as or formerly known as Plant Mechanical Group, which was not accurate.

6. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due in unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

**Answer:** Defendant denies that Plaintiffs have conducted a careful review of Defendant's records. For reasons stated in denying paragraph 5, Defendant has not failed to submit required reports or accurately state all hours for which contributions are due. Defendant denies that the amount due is unknown in that the amount due is known to be zero.

7. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**Answer:** Defendant denies the allegations of paragraph 7.

8. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**Answer:** Defendant denies the allegations of paragraph 8.

WHEREFORE, Defendant prays that this Court dismiss Plaintiffs' Complaint and award it its costs of suit expended herein.

Dated: March 17, 2008

**s/ Jeffrey Alan Ryva**

Jeffrey Alan Ryva Bar Number: 03128318
*Attorney for Defendant*
Husch Blackwell Sanders LLP
401 Main Street, Suite 1400
Peoria, Illinois 61602-1241
Telephone: (309) 637-4900
Facsimile: (309) 637-4928
E-mail: jeff.ryva@huschblackwell.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2008, I electronically filed the foregoing **Defendant's Answer to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Catherine M. Chapman
Beverly P. Alfon
Patrick N. Ryan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, Illinois 60606-5231

**s/ Jeffrey Alan Ryva**
Jeffrey Alan Ryva Bar Number: 03128318
*Attorney for Defendant*
Husch Blackwell Sanders LLP
401 Main Street, Suite 1400
Peoria, Illinois 61602-1241
Telephone: (309) 637-4900
Facsimile: (309) 637-4928
E-mail: jeff.ryva@huschblackwell.com